THE ALEXANDER BARKLEY.

FLANNERY v. THE ALEXANDER BARKLEY.

PENNSYLVANIA R. CO. v. SAME.

(District Court, E. D. New York. February 2, 1894.)

1. TOWAGE—NEGLIGENCE OF TUG—RESPONSIBILITY OF PILOT—CONCLUSIVENESS OF DECREE.

　　A default decree against a tug for damages caused to her tow by stranding is not conclusive of negligence on the part of the pilot in charge of the tug, so as to preclude him, after obtaining a decree against the tug for his wages, from denying such negligence in a contest between himself and the owner of the tow as to whose decree should be first paid out of the proceeds of the tug.

2. MARITIME LIENS—PRIORITY.

　　A decree for pilot's wages is entitled to be first paid out of the proceeds of a tug, as against a decree for damages to her tow by stranding, where it appears that the stranding was not caused by the pilot's negligence, but by negligence of the tow's master.

These were libels in rem by John Flannery and by the Pennsylvania Railroad Company, respectively, against the steam tug Alexander Barkley. The cause was heard upon the question of the distribution of the proceeds of the tug.

John A. Anderson, for Flannery.

Robinson, Biddle & Ward, for Pennsylvania R. Co.

BENEDICT, District Judge. John Flannery filed a libel against the tug Alexander Barkley to recover wages due him as pilot. He had a decree in his favor by default. The Pennsylvania Railroad Company, owner of the schooner Gale, also filed a libel against the steam tug Alexander Barkley to recover damages caused by the negligence of the tug to the schooner Gale while in tow of the tug. In this suit, also, a decree was entered in favor of the libelant. The vessel having been sold, and the money in court being insufficient to pay both the decrees, the case comes before the court on the question of priority between the two decrees. On the part of the Pennsylvania Railroad, it is insisted that its claim has a priority over the claim of the pilot, because the accident in question was caused by the negligence of Flannery at the time in charge of the tug as pilot. Reference was ordered to take testimony upon the question whether the accident was caused by the fault of John Flannery. The reference was had, and the commissioner submitted the testimony, with the opinion that the accident was not caused by the negligence of John Flannery. It is now contended before the court that the Pennsylvania Railroad Company having obtained a decree of this court based upon an allegation of fault on the part of the steam tug Alexander Barkley, and it appearing that Flannery was in charge of the tug at the time, it is not open to be denied that the fault was the fault of John Flannery. But the decree obtained by the Pennsylvania Railroad Company by default is not conclusive upon John Flannery, and it was open to him, notwithstanding the

decree, to contend in this proceeding that the stranding of the schooner was not caused by his fault. His contention on this point has been supported by the opinion of the commissioner; and such is my opinion. The immediate cause of the stranding of the schooner was the hoisting of the schooner's sail by the master thereof before the tow had passed the reef. This was done under the permission of Flannery given to the master of the schooner, to hoist his sail as soon as they were clear of the reef. The master of the schooner undertook to use his own judgment as to when they were clear of the reef, and the sail was hoisted, without any direction from Flannery, by the master of the schooner, acting upon his own judgment that the tow was clear of the reef, when in fact the tow was not clear of the reef; and consequently the schooner touched upon the reef. The negligence that caused the collision was the negligence of the captain of the schooner in hoisting his sail before the tow was clear of the reef, and not any negligence on the part of Flannery. Flannery is therefore entitled to be paid his wages, first, out of the proceeds; and the remainder must be paid to the Pennsylvania Railroad Company on their decree.